# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ORLANDO PARIS,**

      **Plaintiff,**

**-vs-**              Case No. 6:09-cv-1474-Orl-28DAB

**PROTECTION CONSULTANTS,
INCORPORATED,**

      **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 8)**
>
> **FILED:**   **October 16, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

  Following entry of a clerk's default, Plaintiff moves for final default judgment in this Fair Labor Standards Act ("FLSA") case. Upon review of the record, the Court finds judgment to be unwarranted, due to lack of a showing of jurisdiction over the Defendant and failure to establish entitlement to a judgment on the merits.

*Service of Process*

It is axiomatic that the Court can only enter judgment against a party properly before the Court and, assuming that the Court has jurisdiction over the action and the parties, that is accomplished through appropriate service of process or waiver of same. Pursuant to Fed. R. Civ. P. 4(e), Plaintiff can effect service on an individual in any judicial district of the United States by adhering to either 1) the law of the state in which the district court is located, or in which service is effected, or 2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies at the individual's dwelling house with some person of suitable age or discretion residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. With respect to service on a corporate defendant, service must be had in a judicial district of the United States by either following the state law or by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h). There is no showing that the service here was made in accordance with either federal or state law. *See* Fla. Stat. § 48.081.

According to the Proof of Service filed in this matter, service on this corporation was to be accomplished by serving the registered agent. This did not occur. Rather, the return states that process was allegedly accomplished by "dropping" service papers in front of a "security guard/employee" at the address of the registered agent, after the security guard "refused to accept service." There is no showing that this service is acceptable substitute service on a Florida corporation. There is nothing to support the conclusion that the security guard was an officer, managing or general agent of the corporation, or was authorized in any way to accept service. Indeed, his refusal to do so tends to support the inference that he was not so authorized. Moreover, while the return purports to identify the security guard as an "employee," it is not clear as to whether he is an employee of the registered agent, an employee of the corporation, or, indeed, an employee of the

building were service was attempted (assuming that the physical location of the purported service was an office building).

While some manner of substitute service is available under state law (if, for example, service cannot be made on a registered agent because of failure to comply with Fla. Stat. § 48.091), it is incumbent on the process server to set forth a factual basis for concluding that the unorthodox service was, indeed, effective under state law. No such showing is made here.

*The Merits*

Even if the Court were to find that the service was adequate to bring the Defendant before this Court, there is no showing that Defendant is subject to the FLSA.

In the motion, Plaintiff acknowledges that it is his burden to establish 1) employment; 2) coverage under the Act, through either individual coverage or enterprise coverage; 3) knowledge of overtime worked or wage payments in violation of FLSA; and 4) the amount owed. As to the first two elements, the motion asserts as follows:

> The Plaintiff has alleged in his complaint that [Defendant] is defined as an "employer; under the FLSA: and thus, it is jointly and severally liable for unpaid overtime and liquidated damages. Defendant, PROTECTION CONSULTANTS INCORPORATED, by failing to file an Answer, has admitted this allegation. A defaulting party is deemed to have admitted all well-pleaded allegations of the complaint. *The Home Restaurants, Inc.*, 285 F.3d at 114. In addition, by the affidavit of ORLANDO PARIS, it is established that PROTECTION CONSULTANTS INCORPORATED, had gross sales of over $500,000.00 per year, therefore; qualifies as an enterprise engaged in commerce under the FLSA. In addition, Plaintiff has alleged that he is covered by the FLSA as an individual engaged in commerce. The Defendant has failed to deny this allegation, therefore; it is deemed admitted.

(Doc. No. 8 at pp. 2-3). The Court finds these representations to be inaccurate.

While the Complaint does, indeed, allege that Defendant is "an employer, as defined by 29 U.S.C. § 203(d)," the Court finds that this is a conclusion of law, not an assertion of fact. As such, this legal conclusion, absent any factual basis, cannot be established by admission upon default.

Moreover, while the Complaint alleges that Plaintiff was an employee of Defendant and, at all times relevant, "was engaged in commerce as defined by 29 U.S.C. § § 206(a) and 207(a)(1)," the Complaint also alleges that "Defendant is in the business of providing security security [sic] in the State of Florida" and Plaintiff was employed "as a security officer." (Doc. No. 1 at pg. 2). The mere providing of security guard services wholly within the state is not an activity constituting interstate commerce for FLSA purposes. *See Velasquez v. All Florida Sec. Corp.*, 2008 WL 5232916, 2 (S.D. Fla. 2008) (security guard company not liable for enterprise coverage where it provided security services of an exclusively local nature). Finally, while the motion states that Plaintiff's Affidavit establishes that Defendant had gross sales of over $500,000.00 per year, the Affidavit, in fact, contains no such averment (Doc. No. 8-2). On their face, these pleadings and papers do not provide a sufficient legal basis to support entry of a judgment. Indeed, if this is the full extent of the proof available, the claim fails as a matter of law.

For the reasons set forth above, it is **respectfully recommended** that the motion be **denied, without prejudice** to another opportunity for Plaintiff to establish, if he can, that service was perfected under state or federal law and that Plaintiff has a viable cause of action against this Defendant under FLSA. If Plaintiff is unable to do so, it is **respectfully recommended** that the case be **dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 21, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-4-

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy